# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

STEVEN J. BANK,

                Plaintiff,

v.

LAS VEGAS JUSTICE COURT, *et al.*,

                Defendant.

2:13-cv-00900-JAD-VCF

**O R D E R AND REPORT & RECOMMENDATION**

(Motion/Application to Proceed *In Forma Pauperis* (#1), Complaint (#1-1))

Before the court is plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

## I.       Motion/Application

Plaintiff Bank asserts in his motion/application that he is currently unemployed, that the last time he worked was in May of 2013, and that he received $3.00 for performing such work.  (#1). Plaintiff also asserts that he has not received income from any other source in the past twelve months, and that he does not own any real estate, stocks, bonds, notes, trusts, automobiles, or other valuable property.  *Id.*  Accordingly, plaintiff's motion/application to proceed *in forma pauperis* (#1) is granted pursuant to 28 U.S.C. § 1915(a).

## II.      Screening Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.      Plaintiff's Complaint**

Plaintiff alleges in his complaint that defendants violated his Fourteenth Amendment and 42 U.S.C. § 241, and that he brings his complaint under 42 U.S.C. § 1983, § 1985, and § 1988. (#1-1). Plaintiff names as defendants the Honorable Diana L. Sullivan, the Honorable Chris A. Beecroft, Jr., Maria T. Guzman, and the Las Vegas Metropolitan Police Department (hereinafter "LVMPD"), DOES 1-20. *Id.* The court will address each of plaintiff's allegations below.

**1.      Conspiracy Under 18 U.S.C. § 241: Guzman and LVMPD**

Plaintiff alleges that he was living with defendant Guzman and that she tried to evict him "by wrongful means and through conspiracy," and that she called LVMPD to "forcibly remove him." (#1-1). Plaintiff asserts that Guzman spoke to one of the officers behind closed doors, and that LVMPD officer stated to plaintiff that he could not remove him without Guzman seeking an eviction. *Id.* Plaintiff alleges that the LVMPD and defendant Guzman violated 18 U.S.C. § 241. *Id.* Section 241 provides that it is punishable by fine or imprisonment for "two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution

or laws of the United States, or because of his having so exercised the same."  18 U.S.C. § 241.

This is a criminal statute and claims under this statute are not properly raised in a civil complaint.  The claim under § 241 should be dismissed *with prejudice.*

### 2.    NRS 199.220: Guzman

Plaintiff alleges that defendant Guzman immediately became hostile towards plaintiff following the incident with the LVMPD, and that the residence they were living in became infested with roaches. (#1-1).  Plaintiff also refers to discussions regarding the Old-Testiment and Egypt, and states that the two eventually agreed to work together to write a book.  *Id.*   The book was saved on a flash drive and was handed back and forth throughout the book writing process.  *Id.*  Plaintiff alleges that defendant Guzman changed her mind about writing the book together, and that she disposed of and/or hid the flash drive.  *Id.*

Plaintiff contends that defendant Guzman violated NRS 199.220 and deprived him of "justice in a suit for breach of contract."  *Id.*   NRS 199.220 provides that "[e]very person who, with intent to conceal the commission of any felony, or to protect or conceal the identity of any person committing the same, or with intent to delay or hinder the administration of the law or to prevent the production thereof at any time, in any court or before any officer, tribunal, judge or magistrate, shall willfully destroy, alter, erase, obliterate or conceal any book, paper, record, writing, instrument or thing shall be guilty of a gross misdemeanor."  This is a criminal statute, and plaintiff cannot assert a claim under this statute in a civil complaint.  *See* NRS 199.220.  This claim should be dismissed *with prejudice.*

### 3.    NRS 199.230: Guzman and Sullivan

Plaintiff alleges that during an eviction proceeding before Judge Sullivan, a "sound of a wire transfer, an electric sound which sends information from one location to another" disrupted the hearing, and that immediately following this sound, Judge Sullivan changed her tone and posture towards plaintiff. (#1-1).  Plaintiff contends that Judge Sullivan then became unfriendly to plaintiff and granted defendant Guzman's request for eviction without evidence or a hearing.  *Id.*   Plaintiff alleges that

Guzman and Sullivan violated NRS 199.230.  *Id.*

NRS 199.230 provides that "[a] person who, by persuasion, force, threat, intimidation, deception or otherwise, and with the intent to obstruct the course of justice, prevents or attempts to prevent another person from appearing before any court, or person authorized to subpoena witnesses, as a witness in any action, investigation or other official proceeding, or causes or induces another person to be absent from such a proceeding or evade the process which requires the person to appear as a witness to testify or produce a record, document or other object, shall be punished:  1.  Where physical force or the immediate threat of physical force is used, for a category D felony as provided in NRS 193.130. 2.  Where no physical force or immediate threat of physical force is used, for a gross misdemeanor."  This is a criminal statute, and is not properly alleged in a civil action.  Plaintiff's claim under NRS 199.230 should be dismissed *with prejudice.*

**4.  NRS 199.480(3)(a) and NRS 199.480(3)(g): Guzman, Beecroft, and Sullivan**

Plaintiff alleges that after the eviction proceeding, Guzman sought a TPO extension in District Court, Family Division, before defendant Beecroft.  (#1-1).  Plaintiff contends that he filed a motion to continue, and that Beecroft asked Guzman if she had seen the motion, and she said she had.  *Id.* Plaintiff argues that this statement was false, because plaintiff had not provided her with a copy.  *Id.* Plaintiff alleges that Beecroft said "Motion Denied," and granted an extension for one year.  *Id.* Plaintiff alleges that Beecroft and Guzman conspired against him in violation of NRS 199.480(3)(a) and NRS 199.480(3)(g).  *Id.*

NRS 199.380(3)(a) and (3)(g) state that "[w]henever two or more persons conspire: (a) [t]o commit any crime other than those set forth in subsections 1 and 2, and no punishment is otherwise prescribed by law;" or "[t]o accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means," "each person is guilty of a gross misdemeanor."  NRS 199.380 is a criminal statute, and plaintiff cannot assert a claim under a criminal statute in a civil complaint.  Plaintiff's claims under NRS 199.480 should be dismissed *with prejudice*.

5.      1983 Claim: All Defendants

In addition to the claims above, plaintiff alleges that the acts of the defendants described herein violated his civil rights under § 1983.  (#1-1).  This claims fails against each defendant.

a. Defendants Beecroft and Sullivan

Rule 12(b)(1) allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).  Courts have noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir.1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).  "A suit against a state official in his official capacity is treated as a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)." *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 854 (E.D. Pa. 2011) motion for relief from judgment denied, CIV.A. 10-1080, 2012 WL 93178 (E.D. Pa. Jan. 11, 2012).

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher*, supra, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967).

Judicial immunity applies in actions alleging claims under § 1983, and the Supreme Court has held with regard to § 1983 claims brought against judicial officers that "[t]he immunity of judges for acts within the judicial role is equally well established, and we presume that Congress would have specifically so provided had it wished to abolish the doctrine." *Id* at 554-55.

5

Plaintiff brought his complaint under § 1983, and alleges violations of his civil rights relating to the decisions of the judicial officers Beecroft and Sullivan. *Id.* Defendant Beecroft and defendant Sullivan are immune from such civil liability for the acts "committed within their judicial jurisdiction," and the court should dismiss the claims against them for lack of jurisdiction. *Pierson*, 386 U.S. at 553-55 (citing *Bradley*, 13 Wall. 335, 20 L.Ed. 646); *Pennhurst State Sch. & Hosp.*, 465 U.S. at 98–100; Fed.R.Civ.P. 12(b)(1). As amendment would be futile, the court should dismiss the claims against these defendants (#1-1) *with prejudice. See Cato*, 70 F.3d at 1106.

### b. Defendant Guzman

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff has not alleged that defendant Guzman was "acting under color of state law," or that she in some way represents the state, city, or county government. (#1-1). The §1983 claims against defendant Guzman should be dismissed.

### c. Defendant LVMPD

Plaintiff alleges that the LVMPD violated his Fourteenth Amendment right to due process under § 1983. (#1-1). The only factual allegations against defendant LVMPD is that responding officers came to the residence after being called by defendant Guzman, informed plaintiff that they could not remove him, and spoke to defendant Guzman without plaintiff present. *Id.* Plaintiff also alleges that defendant LVMPD conspired with Guzman against him. *Id.* Plaintiff does not allege that the LVMPD had a policy and procedure of doing such actions or that the department itself engaged in any

wrongdoing, rather he alleges that the arresting officers committed such acts. *Id.*

The LVMPD cannot be held liable for the alleged acts of their employees, the responding officers, under § 1983. *See Fechter v. Shiroky*, 59 F.3d 175 (9th Cir. 1995) ("Even if a defendant is a state actor, liability under section 1983 must be based on the personal involvement of the defendant and not on the doctrine of *respondeat superior.*")(citing *Monell v. NYC Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993)). All claims against the LVMPD should be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Ashcroft*, 129 S.Ct. at 1949.

### 6.    Defamation, Emotional Distress, and Mental Anguish: Guzman

Plaintiff alleges that defendant Guzman lied about the reasons for stopping the editing of the new book, defamed defendant as an "opportunist" and as committing nuisances, and caused him mental anguish and emotional distress. (#1-1). Plaintiff also asserts that defendant Guzman lied about plaintiff's required medications. *Id.* Defamation and intentional or negligent infliction of emotional distress are state law claims, and as this court has recommended dismissal of the claims over which this court had original jurisdiction, this court should decline to exercise supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(c)(3). The court should dismiss the state claims *with prejudice*.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Steven J. Bank's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

### **RECOMMENDATION**

IT IS RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that plaintiff's complaint (#1-1) be DISMISSED *with prejudice*.

7

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of September, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8